UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § § Plaintiff, § VS. § § LOS TAQUITOS BAR AND GRILL LLC; § dba LOS TAQUITOS; dba LOS § TAQUITOS BAR AND GRILL, *et al*, § § Defendants. § | CIVIL ACTION NO. 7:19-CV-160 |

## OPINION & ORDER

The Court now considers the motion to dismiss[1] filed by Los Taquitos Bar and Grill LLC, individually and d/b/a Los Taquitos and d/b/a Los Taquitos Bar and Grill ("Los Taquitos LLC"); Mario Garza, individually and d/b/a Los Taquitos and d/b/a Los Taquitos Bar and Grill ("Mario Garza"); and Olga L. Garza, individually and d/b/a Los Taquitos and d/b/a Los Taquitos Bar and Grill ("Olga Garza") (collectively, "Defendants"). J&J Sports Productions, Inc. ("Plaintiff") timely filed a response.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** the motion.

### I. BACKGROUND

Plaintiff brings this suit under the Federal Communications Act of 1934[3] ("Communications Act") against Defendants for the May 7, 2016 broadcast of *Saul Alvarez v. Amir Khan*, a WBC World Middleweight Championship Fight Program ("WBC Fight"), at

---

[1] Dkt. No. 8.
[2] Dkt. No. 12.
[3] *See* 47 U.S.C. §§ 553, 605.

Defendants' establishment, Los Taquitos Bar and Grill.[4] Plaintiff alleges it held the exclusive authority to sublicense the WBC Fight throughout Texas on May 7, 2016.[5] Plaintiff further alleges Defendants broadcast the WBC Fight at Los Taquitos Bar and Grill on May 7, 2016, without paying sublicense fees to Plaintiff in violation of the Communications Act.[6]

On May 6, 2019, Plaintiff filed its complaint against all Defendants, bringing claims for "violation of 42 U.S.C. § 553 or § 605" and seeking statutory damages under 47 U.S.C. § 553 of up to $10,000.00; statutory damages for willfulness under 47 U.S.C. § 553 of up to $50,000.00; statutory damages under 47 U.S.C. § 605 of up to $10,000.00; statutory damages for willfulness under 47 U.S.C. § 605 of up to $100,000.00; reasonable attorney's fees; pre and post-judgment interest; and other entitled relief.[7]

Plaintiff requested issuance of summons for all Defendants on May 21, 2019,[8] and all Defendants were personally served on June 3, 2019.[9] However, Defendants claim the statute of limitations expired on May 7, 2019.[10] Thus, Defendants filed the instant motion to dismiss, arguing the statute of limitations bars Plaintiff's suit because Plaintiff served Defendants after the expiration of the statute of limitations.[11] Defendants also argue Plaintiff's suit against Los Taquitos LLC is barred by the Texas Organizations Code and that Plaintiff fails to state a claim against all Defendants.[12] Plaintiff responded.[13]

The motion is now ripe for review. The Court turns to its analysis.

---

[4] Dkt. No. 1. Defendants state Los Taquitos LLC is now expired and Los Taquitos Bar and Grill is no longer in business. Dkt. No. 8, pp. 1–2, ¶ 1.
[5] Dkt. No. 1 p. 3, ¶ 7.
[6] *Id*.
[7] *Id.* at pp. 5–6.
[8] Dkt. No. 4.
[9] Dkt. Nos. 5–7 (Affidavits of Service on all Defendants).
[10] Dkt. No. 8 p. 3, ¶ 6.
[11] Dkt. No. 8.
[12] *Id*.
[13] Dkt. No. 12.

## II. DISCUSSION

### A. Plaintiff's service on Defendants after the expiration of the statute of limitations does not bar Plaintiff's claims against Defendants.

The instant issue centers on Plaintiff filing suit within the statute of limitations but serving Defendants about one month after the expiration of the statute of limitations. Defendants argue the statute of limitations bars Plaintiff's suit because Plaintiff did not timely or "diligently" serve Defendants when "Defendants were served 27 days after limitations expired."[14] Plaintiff argues it effected service timely and diligently under Federal Rule of Civil Procedure ("Rule") 4(m).[15]

Ultimately, the issue may be resolved as a matter of law because the Texas "due diligence" standard, which is a factual determination according to Texas courts, does not apply. The Court finds the instant issue is a matter of law and that Plaintiff's claims are not barred by the statute of limitations.

The Fifth Circuit has held that the three-year statute of limitations from the Copyright Act applies to a claim under the Communications Act.[16] The parties agree that the day of the alleged broadcast was May 7, 2016, and the expiration of the statute of limitations was May 7, 2019.[17] Although Plaintiff filed suit within the three-year statute of limitations on May 6, 2019, Plaintiff did not request issuance of summons as to all Defendants until May 21, 2019.[18] Plaintiff then did not serve Defendants until June 3, 2019.[19] Thus, the Court must address whether the timely filing of Plaintiff's complaint stopped limitations or tolled limitations pending Plaintiff's diligence on effectuating service.

---

[14] Dkt. No. 8 p. 4, ¶¶ 10–11.
[15] Dkt. No. 12 pp. 5–9.
[16] *Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir. 2001).
[17] Dkt. No. 8 p. 3, ¶ 6 (Defendants' Motion to Dismiss); Dkt. No. 12 p. 5 n.2 (Plaintiff's Response).
[18] Dkt. No. 4.
[19] Dkt. Nos. 5–7.

The Supreme Court has held "in actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules."[20] The Federal Rules also provide that "[a] civil action is commenced by filing a complaint with the Court."[21] Thereafter, a plaintiff "on commencement of an action . . . must immediately resort to Rule 4 for instructions on service of process."[22] In turn, Rule 4(m)'s time limit for service "operates not as an outer limit subject to reduction, but as an irreducible allowance."[23] Thus, if commenced timely and served within the time limit provided by Rule 4(m), a plaintiff's claim is not time barred.

Here, Plaintiff's claim only invokes federal question jurisdiction. Thus, Plaintiff timely commenced its action by filing its complaint within the statute of limitations.[24] Thereafter, Plaintiff was only required to effectuate service within the time limits set out in Rule 4(m). Plaintiff did so. Accordingly, the Court **DENIES** Defendants' motion on these grounds.

### B. The Texas Business Organizations Code does not bar Plaintiff's claim against Los Taquitos LLC, a now expired LLC.

Defendants argue Plaintiff's claim is not an 'existing claim' as defined by the Texas Business Organizations Code because Los Taquitos LLC no longer exists and Plaintiff's claim is now barred by limitations.[25] Plaintiff argues its claim against Los Taquitos LLC "existed before [] [Los Taquitos LLC] was terminated."[26] The Court finds Defendants' argument is without merit.

---

[20] *Henderson v. United States*, 517 U.S. 654, 656 (1996).
[21] Fed. R. Civ. P. 3.
[22] *Henderson*, 517 U.S. at 669.
[23] *Id.* at 661.
[24] *Henderson*, 517 U.S. at 657 n.2 (citing *West v. Conrail*, 481 U.S. 35, 39 (1987)).
[25] Dkt. No. 8 p. 5, ¶ 12.
[26] Dkt. No. 12 p. 15, ¶ 30.

Under the Texas Business Organizations Code, an "existing claim" means "a claim that existed before the entity's termination and is not barred by limitations; or a contractual obligation incurred after termination."[27] Section 11.356 provides:

> (a) . . . [T]he terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:
> (1) prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity;
> (2) permitting the survival of an existing claim by or against the terminated filing entity . . .
> (b) A terminated filing entity may not continue its existence for the purpose of continuing the business or affairs for which the terminated filing entity was formed unless the terminated filing entity is reinstated under Subchapter E.
> (c) If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under Section 11.359, the terminated filing entity continues to survive for purposes of:
> (1) the action until all judgments, orders, and decrees have been fully executed; and
> (2) the application or distribution of any property of the terminated filing entity as provided by Section 11.053 until the property has been applied or distributed.[28]

Defendants state Los Taquitos LLC has been a terminated filing entity since January 27, 2017.[29] In turn, under the Texas Business Organizations Code, Los Taquitos LLC continues in existence until January 27, 2020, for the purpose of a suit on an existing claim.[30] Clearly, Plaintiff's claim existed before Los Taquitos LLC's termination because, as admitted by the parties, Plaintiff's claim accrued on May 7, 2016, before Los Taquitos LLC's termination.

---

[27] Tex. Bus. Orgs. Code § 11.001(3)(A)–(B).
[28] *Id.* § 11.356. Under Tex. Bus. Orgs. Code § 11.359, "an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity. A person's claim against a terminated filing entity may be extinguished before the period prescribed by Subsection (a) if the person is notified under Section 11.358(a) that the claim will be resolved under Section 11.358 and the person (1) fails to properly present the claim in writing under Sections 11.358(c) and (d); or (2) fails to bring an action on a claim rejected under Section 11.358(e) before: (A) the 180th day after the date the notice rejecting the claim was mailed to the person; and (B) the third anniversary of the effective date of the entity's termination. Tex. Bus. Orgs. Code § 11.359. Here, Plaintiff's claim is not extinguished because Plaintiff brought its claim before the third anniversary of Los Taquitos LLC's termination. Defendants also make no mention or argument of Defendants providing Plaintiff notice under Tex. Bus. Orgs. Code § 11.358, which provides for accelerated resolution for existing claims. *See* Tex. Bus. Orgs. Code § 11.358. Thus, Plaintiff's claim is not extinguished here.
[29] Dkt. No. 8 pp. 4–5, ¶ 12.
[30] Tex. Bus. Orgs. Code § 11.356.

Further, as analyzed above, Plaintiff's claim against Los Taquitos LLC is not barred by the statute of limitations because Plaintiff timely filed suit and complied with Rule 4(m). As such, Plaintiff's claim against Los Taquitos LLC survives because it is an "existing claim" under the Texas Business Organizations Code. Thus, Defendants' motion should be denied on these grounds.

### C. Plaintiff sufficiently states claims against Defendants.

Defendants argue Plaintiff's complaint is conclusory, and in turn, that Plaintiff does not plead enough facts to state a claim.[31] Plaintiff argues it pleaded alternate claims under both 47 U.S.C. § 605 and 47 U.S.C. § 553 "[b]ecause of the difficulty inherent in determining the exact method of piracy used," and that such alternate claims satisfy the required plausibility standard.[32] The Court finds Plaintiff sufficiently states a claim against Defendants under 47 U.S.C. § 553 and § 605.

To survive a Rule 12(b)(6) motion, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[33] This does not require detailed factual allegations, but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[34] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[35] and then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief to an extent that is plausible, rather than merely possible or

---

[31] Dkt. No. 8.
[32] Dkt. No. 12 pp. 10–11, ¶¶ 24–26.
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[34] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
[35] *Id.* at 678–79.

conceivable.[36] Courts regard all such well-pled facts as true and view them in the light most favorable to the plaintiff.[37]

Specifically, Defendants point to several alleged deficiencies in Plaintiff's complaint: that Plaintiff "fails to state how Defendants allegedly misappropriated Plaintiff's licensed exhibition of the Boxing Match . . . does not state how many television sets, monitors, and/or projectors were allegedly airing the Boxing Match . . . the time of the Boxing Match . . .[or] whether Defendant Mario Garza or Defendant Olga Garza were on duty on the night of the Boxing Match . . ."[38] Plaintiff argues these factors are "used to determine the amount of damages . . . [and not] to determine liability for violations of the Communications Act."[39] Thus, Plaintiff argues its complaint "provides sufficient notice to Defendants that they are being charged with showing the [WBC Fight] without authority to do so."[40]

Plaintiff sufficiently states a claim under 47 U.S.C. § 553. Under 47 U.S.C. § 553, "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."[41] Contrary to Defendants' argument, Plaintiff sufficiently alleges that Defendants misappropriated the Boxing Match: "either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the [WBC Fight]. In the alternative, Defendants assisted in the receipt of the interstate communication of the [WBC Fight]. Defendants then transmitted, divulged and published said communication, or assisted in

---

[36] *Id*. at 679–80.
[37] *Id*.
[38] Dkt. No. 8 pp. 5–6.
[39] Dkt. No. 12 p. 9, ¶ 23.
[40] *Id*. at p. 15, ¶ 29.
[41] 47 U.S.C. § 553.

transmitting, divulging and publishing said communication to patrons within [Los Taquitos Bar and Grill]."[42]

Notably, Plaintiff does not vaguely allege Defendants received an unspecified "communication."[43] Rather, Plaintiff describes the communications as satellite transmission or cable system transmission and specifically attributes the transmission and receipt of the communications to Defendants, the WBC Fight, and a particular date. Further, Defendants fail to appreciate that their list of Plaintiff's deficiencies is filled with factual details not required at the 12(b)(6) stage (and facts to be discoverable later). Defendants fail to point to relevant case law requiring such details. By the 12(b)(6) standard, and taking the facts as true, Plaintiff need only plead facts plausible on their face. These facts are plausible in relation to 42 U.S.C. § 553.

Plaintiff also sufficiently states a claim under 47 U.S.C. § 605. Under 47 U.S.C. § 605, "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception."[44] Plaintiff alleges Defendants intercepted, received, or transmitted communication of the WBC Fight by satellite, which falls under 42 U.S.C. § 605's "wire or radio" definition. Again, taking these facts as true, Plaintiff states a claim plausible on its face. Thus, the Court **DENIES** Defendants' motion on these grounds.

---

[42] Dkt. No. 1 pp. 4–5, ¶ 13.
[43] *See G & G Closed-Circuit Events, LLC. v. Houston Hobby Investments, Inc.*, 59 F. Supp. 3d 781, 785 (N.D. Tex. 2014) (where the court found plaintiff's vague claim insufficient to satisfy a 12(b)(6) analysis but allowed plaintiff to amend to cure the deficiencies).
[44] 47 U.S.C. § 605.

### III. HOLDING

For the reasons stated above, the Court **DENIES** Defendants' motion.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of August, 2019.

                                                       Micaela Alvarez
                                           United States District Judge